UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 25-138-DLB

ANGELA BUCHANAN                                                  PLAINTIFF

v.                      **MEMORANDUM OPINION & ORDER**

GRANT COUNTY DETENTION CENTER, et al.               DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Angela Buchanan is a resident of Maysville, Kentucky. Proceeding without counsel, Buchanan filed a civil rights complaint against the Grant County Detention Center ("GCDC"), the Grant County Fiscal Court ("GCFC"), GCDC Jailer Tonya Beagle, and unknown GCDC staff members. On September 17, 2025, the defendants filed a motion to dismiss Buchanan's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 4). Buchanan filed a response in opposition (Doc. # 6) and the defendants filed a reply in further support of their motion (Doc. # 8).

Having fully considered the matter, the Court will grant the defendants' motion, in part, because Buchanan's federal constitutional claims are barred by the applicable statute of limitations. Buchanan's remaining claims, which arise under state law, will be remanded to state court.

I.

Buchanan was an inmate at the GCDC from July 21, 2023, through March 14, 2024. (Doc. # 1-1 at 5, 7). Buchanan alleges that she was diagnosed with metastatic breast cancer and received chemotherapy during her confinement. *Id.* at 6. Buchanan

contends that she suffered severe symptoms that caused her to pass out and hit her head several times. *Id.* at 8. Buchanan also alleges that "they" would not provide her with medication to treat her Crohn's disease. *Id.* Buchanan reports that, on one occasion, she was forced to walk in the rain with shackles that caused her ankles to bleed. *Id.*

Buchanan also alleges that "Sergeant Baldass" banned her from purchasing items from the commissary and that he screamed at her, spitting in her face. *Id.* at 7-8. Buchanan contends that she once saw a male guard watching her while she was getting dressed. *Id.* at 8. She further asserts that she was placed on the side of the jail with no heat and was given a holey blanket. *Id.* at 9. Buchanan also alleges that she was placed on suicide watch, where she had no clothing, for two days. *Id.* Buchanan asserts that "they" did not provide her with a letter from her oncologist and denied her open records request. Finally, Buchanan contends that she was denied private sessions with her attorney. *Id.* at 7.

Buchanan filed a civil rights complaint against GCDC, GCFC, Jailer Beagle, and unknown GCDC staff members in the Grant Circuit Court on August 27, 2025. She asserts various claims under Kentucky law and the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution vis-à-vis 42 U.S.C. § 1983. The defendants removed the action to federal court based on the Court's federal-question jurisdiction (Doc. # 1) and filed a motion to dismiss Buchanan's complaint as time-barred (Doc. # 4).

## II.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When

2

addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Buchanan is proceeding without the benefit of an attorney, the Court reads her complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). An action is subject to dismissal under Rule 12(b)(6) "if the complaint's allegations 'affirmatively show that the claim is time-barred.'" *Bozzo v. Nanasy*, --F.4th--, 2025 WL 2945609, at *2 (6th Cir. Oct. 17, 2025) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

### III.

Kentucky's one-year statute of limitations applies to Buchanan's federal constitutional claims brought under 42 U.S.C. § 1983. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d at 179, 182 (6th Cir. 1990). A plaintiff's cause of action accrues—and thus the statute of limitations begins running—when the plaintiff "knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). The defendants argue that Buchanan's claims accrued on March 14, 2024, at the latest, since she was released from GCDC on that date. Thus, they contend that Buchanan's complaint, filed on August 27, 2025, is untimely.

Buchanan does not dispute that the statute of limitations for bringing her § 1983 claims is one year. However, she suggests that the statute of limitations should be tolled because GCDC fraudulently concealed her jail and medical records, without which she "could not know whether [she] had a claim." (Doc. # 6 at 1). Buchanan also asserts that

3

she needed to review the records before filing a complaint "to ensure [she] had [her] facts straight." (Doc. # 6-1 at 2).

"The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Fillinger v. Lerner Sampson & Rothfuss,* 624 F. App'x 338, 341(6th Cir. Aug. 17, 2015) (quoting *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 F. App'x 456, 461 (6th Cir. 2010)). Buchanan has not demonstrated that the doctrine applies here, as she failed to allege any facts indicating that the defendants concealed their conduct by failing to provide the records at issue. Moreover, Buchanan has not explained why she could not discover her causes of action without first reviewing the records. Thus, Buchanan's § 1983 claims, which were filed more than one year after they accrued, will be dismissed with prejudice as untimely.

That leaves Buchanan's state-law claims which include negligence, unjust enrichment, intentional infliction of emotional distress, negligent infliction of emotional distress, and "failure to warn, conspiracy, and fraud." The defendants ask the Court to dismiss Buchanan's complaint in its entirety based on the one-year statute of limitations for § 1983 claims. However, the defendants' motion does not explain why Buchanan's state-law claims would be time-barred. *See Tritschler v. Haire*, No. 5:07-437-JMH, 2009 WL 1515763, at *4 n.9 (E.D. Ky. June 1, 2009) (noting that unjust enrichment claims in Kentucky have five-year statute of limitations); *Adkins v. Fields*, No. 7:22-CV-7-REW, –F. Supp.3d–, 2025 WL 2691039, at *(observing that, "[a]s a general matter, IIED and NIED

claims are subject to a five-year limitations period"). Thus, the Court declines to grant the defendants' motion with respect to Buchanan's state-law claims.

Buchanan's state-law claims fall outside the Court's original jurisdiction but within its supplemental jurisdiction. See 28 U.S.C. § 1367(a). Whether to retain jurisdiction or remand is a matter of judicial discretion. However, Sixth Circuit has clarified that "when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004)). In an effort to promote judicial economy and to avoid making needless decisions of state law, the Court declines supplemental jurisdiction over Buchanan's state-law claims. See *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

## IV.

Based on the foregoing, it is **ORDERED** as follows:

1. The defendants' motion to dismiss (Doc. # 5) is **GRANTED**, in part, to the extent that Buchanan's federal constitutional claims asserted under 42 U.S.C. § 1983 are **DISMISSED** with prejudice;

2. This matter is **REMANDED** to the Grant Circuit Court for resolution of Buchanan's state-law claims; and

3. This matter is **STRICKEN** from the Court's active docket.

This 14th day of November, 2025.



G:\Judge-DLB\DATA\ORDERS\PSO Orders\Buchanan 25-138 DLB Dismissal Order-EAR.docx